984

■ In the Matter of the Claim of DOROTHY BARTH, Respondent, v. SAL CASSAR, Doing Business as PRONTO CAR SERVICE, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals from a decision of the Workmen's Compensation Board, filed October 7, 1970, and from a decision of the Referee, filed March 15, 1971. The board found that claimant's deceased performed work as a cab driver driving a cab owned by appellant for which he was paid on a commission basis, that he stayed in the office for appellant receiving calls by customers and complying with their requests for taxi service, that the work was performed under the direction and control of appellant and that an employer-employee relationship existed. (*Matter of Worth* v. *Hubbell Lbr. Corp.*, 29 A D 2d 1025.) It also found that " at the time of the fatal shooting deceased was in the performance of his duties as cab driver for deceased [*sic*] and that he was accosted by an assailant bent on robbery and attacked deceased as a good source " and, therefore, that the accident arose out of and in the course of the employment. Since death was in the course of employment, a presumption followed that it arose out of the employment, in the absence of substantial evidence to the contrary (Workmen's Compensation Law, § 21; *Matter of Korchinski* v. *S. S. S. Bar & Grill*, 35 A D 2d 862; see 1 Larson, Workmen's Compensation Law, § 11.11 [a], pp. 132–134). Uncorroborated hearsay testimony of personal animosity between decedent and his killer did not constitute substantial evidence sufficient to overcome that presumption (cf. *Matter of Guggenheim* v. *Hedke & Co.*, 32 A D 2d 1017, affd. 27 N Y 2d 596). In view of said presumption and since the record contains substantial evidence in support of the board's decision, affirmance is mandated. Decision affirmed, with costs to the Workmen's Compensation Board. Appeal from the decision of the Referee dismissed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.

■ In the Matter of the Claim of ROBERT FORD, Respondent, v. SIDNAM CONCRETE et al., Appellants, and HOUSE DOCTORS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed January 14, 1971, which held that claimant sustained a consequential accident on October 20, 1968 related to two previous industrial accidents. Claimant was injured in a fall in his home on October 20, 1968 which he attributed to a weakness in his hip, a consequence of two prior industrial accidents on January 27, 1966 and on November 1, 1966. The second accident occurred when claimant fell from a scaffold which he testified was caused by his hip giving way, a condition that had existed since the first accident. An award on August 8, 1968 fixed equal responsibility between the carriers in each accident and no appeal was taken. The sole issue on this appeal is whether there is substantial evidence in the entire record to sustain a decision that the third injury on October 20, 1968 was a consequential injury related to the injury of November 1, 1966. The board accepted the history presented by the claimant, and his testimony, together with that of his attending orthopedic expert, are sufficient to support the decision appealed from. Although the medical testimony is in conflict, viewed in light of the record as a whole, claimant's contention is supported by substantial evidence. (*Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works*, 304 N. Y. 65.) Decision affirmed, with costs to respondent filing brief. Herlihy, P. J., Greenblott, Cooke, Simons and Kane, JJ., concur.